LAHDAN S. RAHMATI (CA Bar No. 313600)
Email: Rahmati@PULLP.com
JONATHAN C. URETSKY (*pro hac vice*)
Email: Uretsky@PULLP.com
ANNA ADELSTEIN (*pro hac vice*)
Email: Adelstein@PULLP.com
PULLP
111 Broadway 8th Floor
New York, NY 10006
Tel: (212) 571-1255 Fax: (212) 571-1167
Attorneys for Defendants
Punch TV Studios, Inc., and
Joseph Collins

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>PUNCH TV STUDIOS, INC., AND JOSEPH COLLINS,<br><br>Defendants | Case No.: 2:21-CV-07787-AB-AS<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant PUNCH TV STUDIOS, INC., ("Punch TV") and Defendant JOSEPH COLLINS ("Collins") (together, "Defendants") by and through their attorneys PULLP, hereby answer the Complaint filed by the Securities and Exchange Commission (the "SEC Complaint"). To the extent not explicitly admitted, all allegations of the Complaint are denied. To the extent any headings in the SEC Complaint contain allegations, Defendants deny such allegations.

**JURISDICTION AND VENUE**

1. Defendants lack sufficient knowledge and information to enable them to form a belief as to the allegations of paragraph 1 of the SEC Complaint and thus deny same, and respectfully leave all questions of law to the discretion of the Court.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

2. Defendants admit the allegations contained in paragraph 2 of the SEC Complaint.

3. Defendants lack sufficient knowledge and information to enable them to form a belief as to the allegations of paragraph 3 of the SEC Complaint and thus deny same, and respectfully leave all questions of law to the discretion of the Court.

## SUMMARY

4. Defendants deny the allegations contained in paragraph 4 of the SEC Complaint except admit that Collins was the founder, chief executive officer and controlling shareholder of Punch TV and that Punch TV raised capital through two offerings of Punch TV's common stock, and respectfully leave all questions of law to the discretion of the Court.

5. Defendants deny the allegations contained in paragraph 5 of the SEC Complaint, except admit that in 2018 Punch TV entered into a settlement with the SEC, at which time the SEC issued an "Order Making Findings, Specifying Procedures, and Temporarily Suspending Exemptions Pursuant to Section 3(b) of the Securities Act of 1933 and Regulation A Thereunder (the "Order Making Findings"). Defendants deny any mislabeling or mischaracterization of the Order Making Findings and respectfully refer the Court to Order Making Findings itself for the contents therein.

6. Defendants deny the allegations contained in paragraph 6 of the SEC Complaint, except admit that Punch TV engaged in a Regulation D offering of Punch TV's common stock at $5/share.

7. Defendants deny the allegations contained in paragraph 7 of the SEC Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the SEC Complaint.

## THE DEFENDANTS

9. Defendants deny the allegations contained in paragraph 9 of the SEC Complaint, except admit that Punch TV is a Delaware corporation formed in May 2014 and at the time the Complaint was filed its principal place of business was in Santa Fe Springs, California. Defendants admit that Punch TV entered into a settlement agreement with the SEC by which it agreed to the

Order Making Findings referred to in the Complaint and deny any mischaracterization of the Order Making Findings. Defendants admit to the existence of a Consent Order issued by the California Department of Business Oversight but deny that the link cited by the SEC is accurate and respectfully refer the Court to the Consent Order itself for the contents therein.

10. Defendants admit the allegations contained in paragraph 10 of the SEC Complaint to the extent that Collins is not registered with the SEC in his individual capacity.

## THE ALLEGATIONS

11. Defendants deny the allegations contained in paragraph 11 of the SEC Complaint to the extent they attempt to paraphrase Punch TV's mission statement and refer the Court to the entirety of Punch TV's mission statement to the extent it becomes a part of the record.

12. Defendants admit the allegations contained in paragraph 12 of the SEC Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the SEC Complaint, except admit that Collins approved of the SEC filings that were filed on behalf of Punch TV.

14. Defendants deny knowledge or information sufficient to form a belief as to what the SEC defines as "at all relevant times" in paragraph 14 of the SEC Complaint and admit that Punch TV has a website located at the following domain: https://punchtvstudios.com.

15. Defendants deny knowledge or information sufficient to form a belief as to what the SEC defines as "at all relevant times" in paragraph 15 of the SEC Complaint. Defendants deny the remaining allegations contained in paragraph 15 except admit Punch TV has used the following email addresses investor-relations@punchtvstudios.com and ir@punchtvstudios.com.

16. Defendants deny knowledge or information sufficient to form a belief as to what the SEC defines as "at all relevant times" in paragraph 16 of the SEC Complaint and admit the remaining allegations contained therein.

17. Defendants deny knowledge or information sufficient to form a belief as to what the SEC defines as "at all relevant times" in paragraph 17 of the SEC Complaint and admit the remaining allegations contained therein.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

18. Defendants admit the allegations contained in paragraph 18 of the SEC Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the SEC Complaint and direct the SEC to the public filings with respect to the company's financials.

**A.     Punch TV's 2016 Regulation A Offering**

20. Defendants admit the allegations contained in paragraph 20 of the SEC Complaint.

21. Defendants lack sufficient knowledge and information to enable them to form a belief as to the allegations of paragraph 21 of the SEC Complaint and respectfully leave all questions of law to the discretion of the Court.

22. Defendants lack sufficient knowledge and information to enable them to form a belief as to the allegations of paragraph 22 of the SEC Complaint and respectfully leave all questions of law to the discretion of the Court.

23. Defendants lack sufficient knowledge and information to enable them to form a belief as to the allegations of paragraph 23 of the SEC Complaint and respectfully leave all questions of law to the discretion of the Court.

24. Defendants deny the allegations contained in paragraph 24 of the SEC Complaint except admit that on March 30, 2016, an "Amendment" to Form 1-A was filed with the SEC.

25. Defendants admit the allegations contained in paragraph 25 of the SEC Complaint except lack sufficient knowledge and information to enable them to form a belief as to the allegations related to "on a continuous basis."

26. Defendants deny the allegations contained in paragraph 26 of the SEC Complaint except admit that Punch TV conducted a Regulation A offering selling shares of its common stock for $1.00 per share.

27. Defendants admit the allegations contained in paragraph 27 of the SEC Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the SEC Complaint and any mischaracterization related to the use of "generally" but admit that investors executed subscription agreements to purchase shares of Punch TV's Regulation A offering.

**B.     The SEC's 2018 "Order Making Findings"**

29.     Defendants deny the allegations contained in paragraph 29 of the SEC Complaint except admit that the SEC entered an Order Making Findings and refer the court to the Order Making Findings itself for the contents therein.

30.     Defendants deny the allegations contained in paragraph 30 of the SEC Complaint except admit that the SEC entered an Order Making Findings pursuant to an Offer of Settlement executed by Collins on behalf of Punch TV and deny knowledge or information as to the date the Offer of Settlement was executed and refer the Court to the Offer of Settlement itself for the contents therein to the extent it becomes part of the record.

31.     Defendants deny the allegations contained in paragraph 31 of the SEC Complaint and refer the Court to the Order Making Findings itself for the contents therein.

32.     Defendants deny the allegations contained in paragraph 32 of the SEC Complaint and refer the Court to the Order Making Findings itself for the contents therein.

33.     Defendants deny the allegations contained in paragraph 33 of the SEC Complaint and refer the Court to the Order Making Findings itself for the contents therein.

34.     Defendants deny the allegations contained in paragraph 34 of the SEC Complaint and refer the Court to the Order Making Findings itself for the contents therein.

**C.     Defendants' Subsequent Offers and Sales of Securities**

35.     Defendants deny the allegations contained in paragraph 35 of the SEC Complaint.

36.     Defendants lack sufficient knowledge and information to enable them to form a belief as to the allegations of paragraph 36 of the SEC Complaint and respectfully leave all questions of law to the discretion of the Court.

37.     Defendants deny the allegations contained in paragraph 37 of the SEC Complaint.

**1.     Defendants Did Not Continue to Offer and Sell Punch TV's $1/Share Stock During and After the Order Making Findings**

38. Defendants deny the allegations contained in paragraph 38 of the SEC Complaint and refer the Court to the Order Making Findings itself for the contents therein.

39. Defendants deny the allegations contained in paragraph 39 of the SEC Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the SEC Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the SEC Complaint except admit that while an offering statement on Form 1-A was in effect for Defendants' Regulation A offering which offered Punch TV's $1/share stock, a registration statement was not in effect.

42. Defendants deny the allegations contained in paragraph 42 of the SEC Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the SEC Complaint.

44. Defendants admit the allegations contained in paragraph 44 of the SEC Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the SEC Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the SEC Complaint except admit that Collins acted on behalf of Punch TV as the CEO and sole officer.

47. Defendants deny the allegations contained in paragraph 47 of the SEC Complaint except admit that Collins acted on behalf of Punch TV as the CEO and sole officer.

48. Defendants deny the allegations contained in paragraph 48 of the SEC Complaint except admit that Collins acted on behalf of Punch TV as the CEO and sole officer.

49. Defendants admit the allegations contained in paragraph 49 of the SEC Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the SEC Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the SEC Complaint.

52. With respect to paragraph 52 of the SEC Complaint, Defendants deny knowledge or information to form a belief as to the specific date material was or was not removed from the Punch TV website.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

53. With respect to paragraph 53 of the SEC Complaint, Defendants deny knowledge or information to form a belief as to the specific date material was or was not removed from the Punch TV website.

54. With respect to paragraph 54 of the SEC Complaint, Defendants deny knowledge or information to form a belief as to the specific date material was or was not removed from the Punch TV website.

55. Defendants deny the allegations contained in paragraph 55 of the SEC Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the SEC Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the SEC Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the SEC Complaint except admit that Collins acted as CEO and sole officer of Punch TV and it is unclear which document is being referred to as "the subscription agreement."

59. Defendants deny the allegations contained in paragraph 59 of the SEC Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the SEC Complaint except admit that a document titled "Amendment" was prepared and deny that it sold additional shares. Defendants refer the Court to the Amendment itself for the contents therein to the extent it becomes part of the record.

61. Defendants deny the allegations contained in paragraph 61 of the SEC Complaint and refer the Court to the amendment itself for the contents therein to the extent it becomes part of the record.

62. Defendants deny the allegations contained in paragraph 62 of the SEC Complaint and refer the Court to the amendment itself for the contents therein to the extent it becomes part of the record.

63. Defendants deny the allegations contained in paragraph 63 of the SEC Complaint and respectfully refer the Court to Order Making Findings itself for the contents therein.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

64. Defendants deny the allegations contained in paragraph 64 of the SEC Complaint and respectfully refer the Court to Order Making Findings itself for the contents therein.

65. Defendants deny the allegations contained in paragraph 65 of the SEC Complaint.

66. With respect to paragraph 66 of the SEC Complaint, Defendants deny knowledge or information as to if or when the alleged statement was made since the SEC fails to provide a citation or date.

### 2. Defendants' Regulation D $5/Share Offering

67. Defendants deny the allegations contained in paragraph 67 of the SEC Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the SEC Complaint except admit that no registration statement was in effect for Punch TV's Regulation D offering of $5/share stock.

69. Defendants deny the allegations contained in paragraph 69 of the SEC Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the SEC Complaint.

71. Defendants admit the allegations contained in paragraph 71 of the SEC Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the SEC Complaint except admit that it may have publicized the existence of an offering through its website, social media, by email and through phone calls.

73. Defendants deny the allegations contained in paragraph 73 of the SEC Complaint except admit that Collins acted in his capacity as CEO and sole officer of Punch TV.

74. Defendants deny the allegations contained in paragraph 74 of the SEC Complaint except admit that Collins acted in his capacity as CEO and sole officer of Punch TV.

75. Defendants deny the allegations contained in paragraph 75 of the SEC Complaint to the extent there was no "Form D offering" and admit that Collins was the CEO and sole officer

of Punch TV and was responsible on behalf of Punch TV for deciding whether to accept prospective investors for Punch TV's Regulation D offering.

76. Defendants deny the allegations contained in paragraph 76 of the SEC Complaint except that Collins acted in his capacity as CEO and sole officer of Punch TV.

77. Defendants admit the allegations contained in paragraph 77 of the SEC Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the SEC Complaint except admit that Collins approved of the Form D for filing with the SEC on behalf of Punch TV in his capacity as CEO and sole officer.

79. Defendants deny the allegations contained in paragraph 79 of the SEC Complaint except admit that information may have been available on Punch TV website regarding the existence of its Regulation D offering.

80. Defendants deny the allegations contained in paragraph 80 of the SEC Complaint.

81. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 81 of the SEC Complaint.

82. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82 of the SEC Complaint.

83. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 83 of the SEC Complaint.

84. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the SEC Complaint.

85. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 85 of the SEC Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

86. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 86 of the SEC Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the SEC complaint except admit Collins employed a website developer in the overseas and worked with the website developer to prepare and post and revise content on the website.

88. Defendants deny the allegations contained in paragraph 88 of the SEC Complaint to the extent that individuals could not purchase Punch TV's $5/share common stock on Punch TV's website and deny knowledge or information sufficient to form a belief as to whether Collins ever stated that they could since the Complaint fails to provide the date of any such statement or a citation.

89. Defendants deny the allegations contained in paragraph 89 of the SEC Complaint except admit that Punch TV may have included information about its Regulation D offering on social media.

90. Defendants admit the allegations contained in paragraph 90 of the SEC Complaint to the extent that the 2018 Facebook advertisement targeted accredited investors, and deny the remaining allegations.

91. Defendants deny the allegations contained in paragraph 91 of the SEC Complaint except admit that Punch TV may have included information about its Regulation D offering on social media.

92. Defendants admit the allegations contained in paragraph 92 of the SEC Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the SEC Complaint.

94. Defendants admit the allegations contained in paragraph 94 of the SEC Complaint to the extent that Punch TV purchased a "lead list" of accredited investors only.

95. Defendants deny the allegations contained in paragraph 95 of the SEC Complaint except admit that certain investors were provided offering materials for the Regulation D offering.

96. Defendants admit the allegations contained in paragraph 96 of the SEC Complaint.

97. Defendants deny the allegations contained in paragraph 97 of the SEC Complaint except admit that Collins on behalf of Punch TV in his capacity as CEO and sole officer approved Punch TV's subscription agreements.

98. Defendants lack sufficient knowledge and information to enable them to form a belief as to the allegations of paragraph 98 of the SEC Complaint and respectfully leave all questions of law to the discretion of the Court.

99. Defendants deny the allegations contained in paragraph 99 of the SEC Complaint.

## FIRST CLAIM FOR RELIEF

100. Defendants repeat and incorporate by reference the responses to paragraphs 1 through 99 above.

101. Defendants deny the allegations contained in paragraph 101 of the SEC Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the SEC Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the SEC Complaint.

## AFFIRMATIVE DEFENSES

After discovery, Defendants may identify facts that support other affirmative defenses not listed below. Defendants do not waive any affirmative defenses and reserve the right to amend this Answer to assert any subsequently discovered affirmative defenses. Without assuming the burden of proof on any matters where that burden rests on the SEC, Defendants, based on personal knowledge, and on information and belief as to all other matters, assert the following affirmative and other defenses:

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

**FIRST AFFIRMATIVE DEFENSE**

1. The SEC's claims are barred, in whole or in part, for failure to state a claim on which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The SEC's claims for civil monetary penalties is inequitable and barred because, among other reasons, Defendants' alleged violation was isolated and/or unintentional.

**THIRD AFFIRMATIVE DEFENSE**

3. The SEC's claims are barred because Defendants' transactions were exempt from the registration requirements.

**FOURTH AFFIRMATIVE DEFENSE**

4. The SEC's claims are barred because Defendant Punch TV's offering was exempt from registration.

**FIFTH AFFIRMATIVE DEFENSE**

5. The SEC's claims are barred, in whole or in part, because Defendants reasonably relied upon the work, advice, professional judgment, and opinions of others, including but not limited to legal and compliance professionals, upon whom Defendants were entitled to rely.

**SIXTH AFFIRMATIVE DEFENSE**

6. The SEC's claims are barred, in whole or in part, because all of the allegations in the Complaint, and injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party or parties.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The SEC's claims are barred, in whole or in part, because Defendants acted in good faith at all material times and did not directly or indirectly induce or cause the acts constituting the alleged grounds for relief.

## EIGHTH AFFIRMATIVE DEFENSE

8. The SEC's claims are barred, in whole or in part, because at all times mentioned in the Complaint and with respect to all matters referenced therein, Defendants acted in good faith and did not know, and in the exercise of reasonable care could not have known, of any fact related to individual investor's accredited status.

## NINTH AFFIRMATIVE DEFENSE

9. The SEC's claims are barred, in whole or in part, because, at all times mentioned in the Complaint and with respect to all matters referenced therein, any and all actions taken by Defendants were proper and consistent with regulatory requirements.

## TENTH AFFIRMATIVE DEFENSE

10. The SEC's claims are barred, in whole or in part, on the grounds that Defendants did not at any time act with the intent to disregard regulatory requirements.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The SEC's claim for injunctive relief is barred because, inter alia, there has been no violation of the Securities Act and because there is no reasonable likelihood that any such violation will be repeated. The SEC's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

## TWELFTH AFFIRMATIVE DEFENSE

12. The SEC's claim for a penny stock bar is barred because, among other reasons, there has been no violation of the Securities Act and/or because Collins' alleged conduct was inadvertent, isolated and undertaken in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. The SEC's claim for disgorgement is inequitable and barred because, among other reasons,

Defendants did not receive any ill-gotten profits, did not act unlawfully, and acted in good faith.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

To the extent not addressed above, Defendants deny any and all allegations in their entirety. Defendants further reserve the right to amend the Answer and to assert additional defenses and/or supplement, alter or change their Answer upon a disclosure of a more definite statement of facts by the SEC and upon completion of further discovery and investigation.

WHEREFORE, Defendants Punch TV and Collins pray for judgment as follows:

1. Enter Judgment in favor of Punch TV and Collins and against the SEC on all alleged claims of relief;
2. Dismiss the Complaint with prejudice;
3. That Defendants recover costs of suit and attorneys' fees incurred herein; and
4. Such further relief as the Court may deem equitable, just and necessary.

Dated: December 1, 2021

Respectfully Submitted,

*/s/ Jonathan C. Uretsky*
Jonathan C. Uretsky

*/s/ Lahdan S. Rahmati*
Lahdan S. Rahmati

**PULLP**
Attorneys for Defendants
Punch TV Studios, Inc. and Joseph Collins

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

PULLP
111 Broadway 8th Floor
New York, NY 10006
Tel: (212) 571-1255 Fax: (212) 571-1167

On December 1, 2021, I caused to be served the document entitled **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.
Dated: December 1, 2021

*/s/ Lahdan S. Rahmati*
Lahdan S. Rahmati

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

**SEC v. PUNCH TV STUDIOS, INC. AND JOSEPH COLLINS**
**United States District Court – Central District of California**
**Case No.** 2:21-CV-07787-AB-AS

**SERVICE LIST**

Amy J. Longo (served by CM/ECF only) Lucee S. Kirka (served by CM/ECF only)
U.S. Securities and Exchange Commission
Los Angeles Regional Office
444 South Flower Street Suite 900
Los Angeles, CA 90071
(323) 965-3998
(213) 443-1904 (fax)
longa@sec.gov
kirkal@sec.gov

Attorneys for Plaintiff Securities and Exchange Commission

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT