1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

SECURITIES AND EXCHANGE
COMMISSION,

12

                                Plaintiffs,

13

v.

14

15

PUNCH TV STUDIOS INC., JOSEPH
COLLINS,

16

17

                                Defendants.

18

Case No.: 21-cv-07787-AB-AS

**ORDER GRANTING SEC'S MOTION FOR SUMMARY ADJUDICATION OF LIABILITY AND PERMANENTLY ENJOINING DEFENDANTS**

19
20
21
22

        Before the Court is Plaintiff Securities and Exchange Commission's ("SEC") Motion for Partial Summary Judgment ("Motion," Dkt. No. 46). Neither Defendant Punch TV Studios, Inc. nor Joseph Collins ("Defendants") filed an opposition. The Court heard oral argument on September 1, 2023. The Motion is **GRANTED**

23

## I.    BACKGROUND

24
25
26
27

        By this Motion, the SEC seeks summary adjudication of its claims that Defendant Joseph Collins and his company, Defendant Punch TV, violated Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), 77e(c). Section 5(a)(1) of the Securities Act prohibits the direct or indirect sale of securities unless a

28

1  registration statement is in effect, and Section 5(c) prohibits the offer or sale of
2  securities unless a registration statement is in effect. The purpose of the registration
3  requirement is "to protect investors by promoting full disclosure of information
4  thought necessary to informed investment decisions." *SEC v. Ralston Purina*, 346
5  U.S. 119, 124 (1953).

6  ## II.   UNDISPUTED FACTS AND CONCLUSIONS OF LAW

7  The Court has reviewed the SEC's Statement of Uncontroverted Facts and the
8  evidence filed in support thereof and finds that the facts are adequately supported by
9  the evidence and that they are undisputed. The Court incorporates them herein by
10  reference.

11  In brief, the undisputed facts establish that in 2016, Punch TV filed documents
12  ("Offering Statement") with the SEC to conduct an exempt $1 per share offering of
13  unregistered securities under Regulation A. The SEC qualified the offering statement
14  under Regulation A. But Defendants did not comply with Regulation A because the
15  financial statements that Punch TV filed with its Offering Statement were not audited,
16  and because Punch TV failed to file required periodic reports with the SEC. On
17  January 9, 2018, the SEC entered a Suspension Order prohibiting Punch TV from
18  offering or selling its securities in reliance on Regulation A during the period January
19  10, 2018 through October 9, 2018 ("suspension period"). The Suspension Order also
20  provided that after the suspension period, Punch TV could offer securities under
21  Regulation A only if it filed certain documents and received qualification.

22  After the Suspension Order, however, Punch TV continued its $1 per share
23  offering. Punch TV also failed to verify whether investors were accredited.

24  Punch TV conducted a second unregistered offering of securities at $5 per share
25  under Rule 506(c), between March 2018 and April 2019. But Rule 506(c) permits
26  sales only to "accredited investors" and requires the issuer to take "reasonable steps to
27  verify that purchasers . . . are accredited investors." 17 C.F.R. § 230.506(c)(2).
28  Defendants simply relied on investors' verbal representations of their accreditation

2.

1    status and made no attempt to verify their status.

2           In November 2022, Collins posted a video on Defendants' website directed to
3    Punch TV investors in which he solicited more funds, but in the form of "donations."
4    As of the date of the SEC's Motion (6/30/2023), the video and links for investors to
5    contribute remain on the website.

6           The undisputed facts establish a prima facie violation of Section 5. To establish
7    a prima facie violation of Section 5, the SEC must show that: (1) no registration
8    statement was in effect as to the securities; (2) the defendant directly or indirectly,
9    sold or offered to sell the securities; and (3) the sale or offer was made through
10   interstate commerce. *SEC v CMKM Diamonds*, *Inc*., 729 F.3d 1248, 1255 (9th Cir.
11   2013); *SEC v. Phan*, 500 F.3d 895, 902 (9th Cir. 2007). Section 5 is a strict liability
12   offense and requires no showing of scienter, or even negligence. *CMKM Diamonds*,
13   *Inc*., 729 F.3d at 1257; *SEC v. Holschuh*, 694 F.2d 130, 137 n.10 (9th Cir. 1982)
14   ("good faith is not relevant to whether there has been a primary violation of the
15   registration requirements"). "Once a *prima facie* case has been made, the defendant
16   bears the burden of proving the applicability of an exemption." *Id*. (citing *Ralston
17   Purina*, 346 U.S. at 126).

18          Regarding the first element, neither the $1 per share offering nor the $5 per
19   share offering were registered. Regarding the second element, Punch TV directly
20   offered to sell the securities. As for Collins, he personally promoted the $1 per share
21   offering and admitted his marketing efforts were a substantial factor in investor
22   interest. For the $5 per share offering, Collins also directly promoted it on his
23   Facebook page and decided whether or not to accept prospective investors'
24   investments.  Regarding the third element, Defendants' undisputed use of telephones
25   and websites to conduct the offerings establishes that the sale of offer was made
26   through interstate commerce. The SEC has therefore established its prima facie case.

27          The Defendants have not and cannot establish any exemption from registration.
28   The SEC has shown that no Regulation A, Rule 506(b), or Rule 506(c) exemption is

available. Furthermore, in the absence of any response to the Motion, Defendants cannot meet their burden of raising a triable issue as to exemption.

The foregoing undisputed facts establish the following conclusions of law:

1. The Defendants violated Section 5(a) and (c) of the Securities Act of 1933, 15 U.S.C. § 77e(a), (c).

2. Collins was a necessary participant and substantial factor in the Punch TV's unregistered offerings.

3. Following the suspension order, no exemption from Section 5's registration requirement applied to the $1 per share offering.

4. No exemption from Section 5's registration requirement applied to the $5 per share offering.

## III.   PERMANENT INJUNCTION

The SEC also seeks entry of a permanent injunction against future violations of Section 5. Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b), provides that when the evidence establishes a reasonable likelihood of a future violation of the securities laws, a permanent injunction shall be granted in enforcement actions brought by the SEC. To obtain an injunction, the SEC has the burden of showing that there is a reasonable likelihood of future violations of the securities laws. *SEC v. Murphy*, 50 F.4th 832, 851 (9th Cir. 2022); *SEC v. Fehn*, 97 F.3d 1276, 1295-96 (9th Cir. 1996). *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980). "The existence of past violations may give rise to an inference that there will be future violations; and the fact that the defendant is currently complying with the securities laws does not preclude an injunction." *Murphy*, 50 F.4th at 851; *Murphy*, 626 F.2d at 655.

Here, the Court concludes that permanent injunctions against future violations of Section 5 are warranted. First, Defendants were at least reckless in continuing their $1 offer in violation of the SEC Suspension Order and, for the $5 offering, in failing to verify investors' accreditation status. Second, the violations were recurring (two unlawful offerings during just a year and a few months). Third, it does not appear that

4.

Defendants have acknowledged the wrongfulness of their conduct, and fourth, they continue to seek money from investors, including by soliciting "donations" with some promise of future returns. Accordingly, the SEC has established that unless Defendants are enjoined, they will again violate the registration requirements of Section 5.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants Punch TV Studios, Inc. and Joseph Collins (collectively, "Defendants") violated and are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided

2  in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

3  following who receive actual notice of this Judgment by personal service or otherwise:

4  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other

5  persons in active concert or participation with Defendants or with anyone described in

6  (a).

7

8        **IT IS SO ORDERED.**

9

10  Dated: September 06, 2023    _____

11                                  HONORABLE ANDRÉ BIROTTE JR.
                                    UNITED STATES DISTRICT COURT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        6.