# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>PUNCH TV STUDIOS INC. AND JOSEPH COLLINS<br><br>    Defendants. | Case No. 21-cv-07787-AB-AS<br><br>**[Proposed] FINAL JUDGMENT AS TO DEFENDANT JOSEPH COLLINS** |

Case No. 21-cv-07787-AB-AS

For the reasons set forth in the Court's September 7, 2023 order granting Plaintiff Securities and Exchange Commission's motion for partial summary judgment (Dkt. No. 57) and for the reasons set forth in the Court's August 21, 2024 order granting in part and denying in part Plaintiff's motion for remedies (Dkt. No. 91), the Court enters final judgment against Defendant Joseph Collins ("Defendant") as follows:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant violated and is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED the Court imposes a civil penalty against Defendant in the amount of $44,000, which represents a first-tier penalty for Defendant's violations, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). Defendant shall satisfy this obligation by paying $44,000 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joseph Collins as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

1    The Commission may enforce the Court's judgment for penalties by the use of
2 all collection procedures authorized by law, including the Federal Debt Collection
3 Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the
4 violation of any Court orders issued in this action.

5    Defendant shall pay post judgment interest on any amounts due after 30 days
6 of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

7    The Commission shall hold the funds (collectively, the "Fund") until further
8 order of this Court.

9    The Commission may propose a plan to distribute the Fund subject to the
10 Court's approval. Such a plan may provide that the Fund shall be distributed pursuant
11 to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.
12 The Court shall retain jurisdiction over the administration of any distribution of the
13 Fund and the Fund may only be disbursed pursuant to an Order of the Court.

14    Regardless of whether any such Fair Fund distribution is made, amounts
15 ordered to be paid as civil penalties pursuant to this Judgment shall be treated as
16 penalties paid to the government for all purposes, including all tax purposes. To
17 preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or
18 reduction of any award of compensatory damages in any Related Investor Action
19 based on Defendant's payment of disgorgement in this action, argue that he is entitled
20 to, nor shall he further benefit by, offset or reduction of such compensatory damages
21 award by the amount of any part of Defendant's payment of a civil penalty in this
22 action ("Penalty Offset"). If the court in any Related Investor Action grants such a
23 Penalty Offset, Defendant, within 30 days after entry of a final order granting the
24 Penalty Offset, notify the Commission's counsel in this action and pay the amount of
25 the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission
26 directs. Such a payment shall not be deemed an additional civil penalty and shall not
27 be deemed to change the amount of the civil penalty imposed in this Judgment. For
28 purposes of this paragraph, a "Related Investor Action" means a private damages

action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934, 17 C.F.R. 240.3a51-1.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IT IS SO ORDERED.

Dated: _____, 2024

_____
HON. ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On August 23, 2024, I caused to be served the document entitled **[Proposed] FINAL JUDGMENT AS TO DEFENDANT JOSEPH COLLINS** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☐ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 23, 2024         */s/ Charles E. Canter*
                              Charles E. Canter

*SEC v. Punch TV Studios, Inc. and Joseph Collins*
United States District Court – Central District of California
Case No. 2:21-cv-07787-AB-AS

## SERVICE LIST

Edward Totino
  edward.totino@bakermckenzie.com
BAKER & McKENZIE LLP
10250 Constellation Blvd., Suite 1850
Los Angeles, California 90067

Nicolas Morgan
  nicolas.morgan@icanlaw.org
INVESTOR CHOICE ADVOCATES NETWORK
P.O. Box 901
Ventura, California 93002

Attorneys for Defendants